USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/07/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIGUEL TRIANA,

          Plaintiff,

    v.

SODEXO, INC., NEW YORK CITY
HEALTH AND HOSPITALS
CORPORATION, SEAN SHIVERS and
ANDREA WILCOX,

          Defendants.

No. 15-CV-5895 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Miguel Triana alleges that Defendants Sodexo, Inc., the New York City Health and Hospital Corporation, Sean Shivers, and Andrea Wilcox suspended him from his position as a hospital dietician in violation of state and federal law. On October 24, 2016, Triana moved for a preliminary injunction and a temporary restraining order enjoining Defendants from suspending him, threatening to dismiss him, or continuing administrative proceedings for the purpose of terminating his employment. *See* Proposed Order to Show Cause for Prelim Inj. & TRO (Dkt. 46) ("Mot."), at 1–2. On October 27, 2016, after a hearing, the Court denied Triana's motion for a temporary restraining order but requested further briefing on Triana's motion for a preliminary injunction. Dkt. 49. For the reasons set forth below, Triana's motion for a preliminary injunction is denied.

## BACKGROUND

In 2000, Triana began working as a clinical dietician at the Harlem Hospital Center in New York. Compl. (Dkt. 1) ¶ 12. On January 22, 2015, Defendants suspended Triana, with pay,

after finding that he had performed deficiently. Compl. ¶¶ 48, 60.

On July 28, 2015, Triana filed a complaint in this action. He asserts several causes of action, including, *inter alia*, hostile work environment, discrimination on the basis of race and national origin, failure to pay overtime wages, First Amendment retaliation, and retaliation under state and federal labor laws. *See* Compl. ¶¶ 62–90. Triana seeks compensatory damages, punitive damages, injunctive relief, fees, and costs. Compl. at 15–20.

On August 10, 2015, Triana returned to work. Decl. of Miguel Triana in Supp. of Mot. for Prelim. Inj. & TRO ("Triana Decl.") (Dkt. 46-1) ¶ 42. On that date, he was informed that an administrative conference would be held regarding disciplinary charges against him. Triana Decl. ¶ 42; *see* Mot. Ex. F (Dkt. 46-7). On August 12, 2016, the conference was held in Triana's absence, and the conference officer recommended that he be terminated. *See* Triana Decl. ¶¶ 47–48; Mot. Ex. G (Dkt. 46-8), at 9. The administrative proceedings were then adjourned to October 28, 2016, on which date the New York City Office for Administrative Trials and Hearings ("OATH") was expected to hold a hearing on the charges against Triana. Triana Decl. ¶ 50.

On October 24, 2016, Triana moved for a preliminary injunction and a temporary restraining order, seeking to enjoin Defendants from continuing the OATH proceeding against him or "in any other way taking steps to terminate" his employment. *See* Mot. at 2. On October 27, 2016, after a hearing, the Court denied Triana's motion for a temporary restraining order, finding that Triana had failed to establish that he would suffer irreparable harm if the OATH hearing were held the following day. *See* Tr. of Oct. 27, 2016 Proceedings ("Tr.") (Dkt. 51) at 39:14–21; Dkt. 49. Based on the parties' representations that Triana would not be terminated any earlier than December 8, 2016, *see* Tr. at 19:7–8, the Court reserved decision on Triana's

argument that he would suffer irreparable harm as the result of his termination, Tr. at 35:25–36:3, and sought further briefing from both parties.

On October 28, 2016, the OATH proceeding concluded. *See* Defs.' Mem. of L. in Opp'n Pl.'s Appl. for an Inj. ("Defs.' Opp'n") (Dkt. 50), at 2. The parties now await an administrative law judge's decision in that proceeding. Defs.' Opp'n at 2.

Pursuant to the Court's order, Defendants submitted a brief in opposition to Triana's motion for a preliminary injunction on November 14, 2016. Dkt. 50. Triana filed a reply on November 21, 2016. Dkt. 53.

## LEGAL STANDARD

"A party seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (quotation marks omitted). A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (quotation marks omitted). A "district court has wide discretion in determining whether to grant a preliminary injunction." *Almontaser v. N.Y.C. Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (per curiam) (quotation marks omitted).

## DISCUSSION

In seeking a preliminary injunction, Triana must first establish irreparable harm.

3

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233–34 (2d Cir. 1999) (per curiam) (quotation marks omitted). Irreparable harm is "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 97 (2d Cir. 2005) (quotation marks omitted).

Triana alleges that he will suffer irreparable harm because, unless his motion is granted, his employment will soon be terminated. *See* Triana Decl. ¶ 58. "[L]oss of employment," however, "does not in and of itself constitute irreparable injury." *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir. 1988). Indeed, "except in a genuinely extraordinary situation, irreparable harm is not shown in employee discharge cases simply by a showing of financial distress or difficulties in obtaining other employment however severely they may affect a particular individual." *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985) (quotation marks omitted). In most cases involving discharged employees, "reinstatement and money damages could make [discharged employees] whole for any loss suffered," and injunctive relief is not available. *Savage*, 850 F.2d at 68; *see also Piercy v. Fed. Reserve Bank*, Nos. 02-CV-5005, 02-CV-9291 (DC), 2003 WL 115230, at *3 (S.D.N.Y. Jan.13, 2003) ("In the employment context, courts are loathe to grant preliminary injunctions, because injuries often associated with employment discharge, such as damage to reputation, financial distress, and difficulty finding other employment, do not constitute irreparable harm . . . ." (alterations and quotation marks omitted)).

Here, Triana alleges that he is likely to experience various injuries associated with the termination of his employment. For example, he alleges: "I do not know of many employers who are employing men over who are 60 years old like myself in [a] Dietician Level I job."

4

Triana Decl. ¶ 57. Triana further alleges that he "will have no money to pay [his] rents and will have no money to feed and clothe [himself]," and that he "will lose [his] medical and other benefits." Triana Decl. ¶¶ 59–60. In addition, Triana's counsel, Mr. Okoli, asserts that Triana "will be damaged irreparably since no one is likely to want to hire someone already found at an administrative hearing to be incompetent." Okoli Decl. (Dkt. 46-10) ¶ 23. Okoli further contends that "losing his health benefits can have disastrous consequences for him." Okoli Decl. ¶ 25.

These allegations are not sufficient to establish irreparable harm. First, Triana's allegations of financial distress, including the possibility that he "will have no money," do not constitute irreparable harm. *See, e.g., Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90–91 (2d Cir. 1983) ("[T]he requisite irreparable harm is not established in employee discharge cases by financial distress or inability to find other employment, unless truly extraordinary circumstances are shown."). Second, "damage to reputation," such as Triana's allegation that "no one is likely to want to hire" him again, "'falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction.'" *Stewart*, 762 F.2d at 200 (quoting *Sampson v. Murray*, 415 U.S. 61, 91–92 (1974)). Third, while the termination of medical benefits may constitute irreparable harm under certain circumstances, *see, e.g., Whelan v. Colgan*, 602 F.2d 1060, 1062 (2d Cir. 1979), the risk that Triana will lose "medical and other benefits" here does not meet that standard, where Triana is, based on Defendants' representations, entitled to maintain his benefits under federal law and eligible for COBRA or other programs that would extend his health care following his termination, *see* Tr. at 26:5–8. *See, e.g., Cooper v. TWA Airlines, LLC*, 274 F. Supp. 2d 231, 241–42 (E.D.N.Y. 2003). Thus, while the Court is not unsympathetic to Triana's concerns, he has not shown that his potential

5

termination would result in irreparable harm as a matter of law.[1]

Because the Court concludes that Triana has not demonstrated irreparable harm, it need not reach the other requirements for a preliminary injunction, including whether Triana has shown a likelihood of success on the merits or whether a preliminary injunction is in the public interest.[2] *See, e.g.*, *Rodriguez*, 175 F.3d at 234.

## CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Plaintiff's motion or a preliminary injunction (Dkt. 46) is denied.

IT IS FURTHER ORDERED that the conference in this matter scheduled for December 8, 2016 is adjourned *sine die*.

IT IS FURTHER ORDERED that the deadline for the completion of all discovery is extended to February 7, 2016. No further extensions shall be granted absent a showing of good cause. The post-discovery conference, presently scheduled for December 9, 2016, is adjourned

---

[1] Triana's motion suggested that he would suffer irreparable harm for two other reasons, both of which the Court rejected in denying Triana's motion for a temporary restraining order on October 27, 2016. First, he argued that the ongoing administrative proceedings against him would frustrate his attempts to effectively prosecute this case against Defendants. *See* Triana Decl. ¶¶ 37–49, 56. The Court construed this argument as one based on the First Amendment right to petition, which several other courts have recognized in enjoining administrative proceedings against public employees who have brought civil actions against their employers. *See, e.g.*, *Mullins v. City of New York*, 554 F. Supp. 2d 483 (S.D.N.Y. 2008); *Alvarez v. City of New York*, 31 F. Supp. 2d 334 (1998). The Court distinguished these cases and rejected this right-to-petition argument, reasoning that there was no showing of a causal connection between Triana's initiation of this lawsuit and the administrative proceedings against him. *See* Tr. at 37:16–23. The Court further explained that, unlike in *Mullins* or in *Alvarez*, the administrative proceedings here were not being conducted by Defendants themselves, but rather by an independent administrative court. *See* Tr. at 37:24–38:8. Second, Triana argued that he would suffer irreparable harm because he would be denied due process in the administrative proceedings. The Court rejected this argument as unsupported by any specific allegations suggesting that the administrative tribunal would not afford Triana due process. *See* Tr. at 38:15–22.

[2] The Court also need not reach Defendants' argument that the Court should rely on principles of abstention to deny Triana's motion. *See* Defs.' Opp'n at 5.

to February 9, 2016 at 3:15 p.m.

SO ORDERED.

Dated:   December 7, 2016
         New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge